**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**(SHERMAN DIVISION)**

| | |
|---|---|
| **J&L Wire Cloth, LLC,** | |
| *Plaintiff,* | ___ Civ. _____(_____)(_____ |
| v. | |
| **Waldroop Steel Company &** **Waldroop Construction,** | **DEFENDANT'S NOTICE OF REMOVAL** |
| *Defendants.* | |

### DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Waldroop Steel Company, LLC ("Waldroop Steel") and Waldroop Construction, LLC ("Waldroop Construction") (collectively, "Defendants") removes this action from the District Court of Grayson County, Texas, to the United States District Court for the Eastern District of Texas. Removal is warranted as this is a diversity action with more than $75,000 in controversy and thus, this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332. In support of this Notice of Removal, Defendants show the Court as follows:

### Procedural History and Plaintiff's Allegations

1.    On or about December 19, 2024, Plaintiff J&L Wire Cloth, LLC ("J&L"), commenced this action entitled *J&L Wire Cloth, LLC v. Waldroop Steel*, Case No. CV-24-1604 (the "State Court Action") by filing a Petition against Defendants with the District Court of Grayson County, State of Texas (the "Petition"). The State Court Action was assigned to the 15th

Judicial District Court of Grayson County, Texas located at 200 S. Crockett Street, 2nd floor, Sherman, Texas 75090.

2.    Defendants accepted service of the Petition on February 7, 2025, making Defendants' Answer due on or before March 3, 2025.

3.    The Petition purports to state claims against Defendants for breach of contract (Count I), Promissory Estoppel (Count II), Money Had and Received (Count III), and Fraud (Count IV) and seeks monetary relief in excess of $1,000,000.00. *Id.*

### All Procedural Requirements for Removal Have Been Satisfied

4.    Pursuant to Local Rule CV-81(c)(1), Defendants hereby provide notice that the State Court Action is currently pending.

5.    Pursuant to 28 U.S.C. § 1446 and Local Rule CV-81(c)(2), a civil cover sheet and certified copies of the state court docket sheet and a copy of all process and pleadings served upon Defendants to date are attached as Exhibits A1 – A8. In addition, pursuant to Local Rule CV-81(c)(1), (3) a list of all parties and all attorneys is attached hereto as Exhibits A9 and A10.

6.    There are no motions pending before the District Court of Grayson County in this matter, nor are any hearings currently set. Pursuant to Local Rule CV-81(4), Defendants provide notice that, together with this Notice, Defendants hereby demand a jury trial on all matters so triable.  Pursuant to Local Rule CV-81(5) Defendants provide notice that the name and address of the state court from which this action is being removed is the 15th Judicial District Court of Grayson County, Texas located at 200 S. Crockett Street, 2nd Floor, Sherman, Texas 75090.

7.    Thirty or fewer days have passed since Defendants obtained a copy of the Petition. Thus, Defendants are timely removing this case to the United States District Court for the Eastern District of Texas. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal . . . shall be filed within 30

days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . .")

8.      Pursuant to 28 U.S.C. § 1446(a), the United States District Court for the Eastern District of Texas is the appropriate court for filing this Notice of Removal from the District Court of Grayson County, State of Texas, where the Action is pending. *See* 28 U.S.C. § 124(c)(3).

9.      Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b) because the U.S. District Court for the Eastern District of Texas, Sherman Division, is the federal judicial district and division thereof embracing the 15th Judicial District Court of Grayson County, Texas.

10.     After filing this Notice of Removal, Defendants will promptly serve written notice of this Notice of Removal on counsel for Plaintiff, which constitutes all adverse parties in this matter, and will file the same with the Clerk of the 15th Judicial District Court of Grayson County, Texas, in accordance with 28 U.S.C. § 1446(d).

**Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1332**

11.     This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action: (A) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (B) that is between citizens of different states. Accordingly, Defendants may remove this action to this Court pursuant to 28 U.S.C. § 1441(a).

**A.      The amount in controversy requirement is satisfied.**

12.     In its Petition, J&L seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. *See* Ex. A-1, ¶ 3 (claiming damages in an amount "over $1,000,000").

13.     The assertions regarding damages in the Petition are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. *See* 28 U.S.C. §

1446(c)(2).  In addition, Defendant Waldroop Construction contemplates filing a counterclaim for damages against J&L for damages of approximately $887,000.00 for, among other things, unpaid amounts owed by J&L for work performed by Waldroop Construction.

**B.    Complete diversity of citizenship exists between J&L and Defendants.**

14.    "A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. The citizenship of a limited liability company is determined by the citizenship of all of its members. A corporation is a citizen of every State by which it has been incorporated and of the State where it has its principal place of business." *Pennie v. Obama*, 255 F. Supp. 3d 648, 670 (N.D. Tex. 2017) (internal citations and quotations omitted).

15.    J&L Petition asserts that it is a "Minnesota limited liability company."  *See* Ex. A-1, ¶ 4. Upon information and belief, Gary Hide and Tim Selhorst are the sole members of J&L and are residents of North Carolina. Thus, J&L is a citizen of North Carolina for purposes of evaluating this Court's jurisdiction.

16.    As further established by the Affidavit of Bryan Waldroop, attached hereto as "Exhibits B," Defendants are not citizens of Texas because (1) Defendant Waldroop Steel Company, LLC's sole member is Brayden Waldroop and he is an individual and resident of Edmond, Oklahoma, and (2) Defendant Waldroop Construction's sole member is Bryan Waldroop and he is an individual and resident of Jackson County, Oklahoma.  Thus, Defendants are each citizens of Oklahoma.

17.    In light of the foregoing, complete diversity exists for purposes of 28 U.S.C. § 1332(a)(1).

18.    Defendants reserve the right to amend or supplement this Notice of Removal.

19.     Defendants reserve all defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b). Defendants will file a responsive pleading in the time-frame permitted under Fed. R. Civ. 81(c)(2)(C), or as further extended by the Court.

20.     Written notice of the filing of this Notice of Removal will be provided to Plaintiff J&L and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

## **Jury Demand**

21.     Defendants demand a jury trial on all issues.

WHEREFORE, Defendants remove this action from the District Court of Grayson County, Texas, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

Date:   March 3, 2025                    Respectfully Submitted,

                                         BILL KENNEDY LAW, PLLC


                                         */s/ William P. Kennedy*
                                         **WILLIAM P. KENNEDY**
                                         Texas Bar No. 24067347
                                         **B. RYAN WEGER**
                                         Texas Bar No. 24110519
                                         **HILLARY L. CLARK**
                                         Texas Bar No. 24077714
                                         121 S. Austin Avenue
                                         Denison, Texas 75020
                                         Tel: 903.337.1986
                                         Fax: 972.939.6878
                                         eservice@billkennedylaw.com

## **Exhibit A—Index of Documents**

**Attached:**

Ex. A-1:        Plaintiff's Original Petition in state court, filed on 12/19/2024

Ex. A-2:        Request for Citation (state court) against Waldroop Steel, filed 12/19/2024

Ex. A-3:        Request for Citation (state court) against Waldroop Construction, filed 12/19/2024

Ex. A-4:        Citation issued in state court, filed 12/19/2024

Ex. A-5:        Citation issued in state court, filed 12/19/2024

Ex. A-6:        Rule 11 Agreement, filed 02/07/2025

Ex. A-7:        Copy of the case summary in the state court action, dated 02/28/2025

Ex. A-8:        Civil Cover Sheet, dated 02/28/2025

Ex. A-9:        List of all parties to State Court Action and Party Type

Ex. A-10:      List of attorneys involved in this action

CAUSE NO. _____

| | | |
|---|---|---|
| J&L WIRE CLOTH, LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | GRAYSON COUNTY, TEXAS |
| | § | |
| WALDROOP STEEL COMPANY & | § | |
| WALDROOP CONSTRUCTION | § | Grayson County - 15th District Court |
| | § | |
| Defendants. | § | ____ JUDICIAL DISTRICT |

CV-24-1604

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff J&L Wire Cloth, LLC ("J&L") complaining of and against Defendant Waldroop Steel Company and Defendant Waldroop Construction (Collectively "Defendants") and for causes of action and as grounds for relief respectfully states:

### I.      SUMMARY

1.      Under the parties' written Purchase Order, Defendants agreed to build J&L a facility in Denison, Texas. As part of a down payment, J&L paid the Defendant $2,500,000.00, which including paying for the building and its materials in full, for all the excavation, and expediency in completing the project. After repeated delays, assurances that all materials were purchased, and guarantees the materials would arrive soon, Defendants informed J&L that they spent all the initial funding even though all the materials they claimed to have purchased were not on the job site and could not provide proof that the materials were at their shop. Furthermore, Defendants attempted to increase the costs of the project. Instead, Defendants charged J&L full price for those line items, refused to deliver any additional materials, and stopped all work on the job site. As a result, J&L was forced to file suit to mitigate further losses.

## II.    DISCOVERY CONTROL PLAN

2.    Discovery in this matter shall be conducted under Level 2 of Texas Rule of Civil Procedure 190.

## III.    RELIEF SOUGHT

3.    J&L seeks monetary relief over $1,000,000.

## IV.    PARTIES AND SERVICE OF PROCESS

4.    J&L is a Minnesota limited liability company who does business in Minnesota and South Carolina.

5.    Defendant Waldroop Steel Company with its principal place of business in Canadian County, Oklahoma. Defendant may be served with process by serving its registered agent, Bryaden Waldroop, at 909 E. Sycamore Ave. Altus, Oklahoma 73521.

6.    Defendant Waldroop Construction with its principal place of business in Oklahoma County, Oklahoma. Defendant may be served with process by serving its registered agent, Bryan Waldroop, at 1800 N. Main #5, Altus, Oklahoma 73521.

## V.    VENUE AND JURISDICTION

7.    Venue is proper in Grayson County because it is the county in which a substantial part of the events or omissions giving rise to J&L's claims occurred. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a).

8.    This Court has jurisdiction over J&L's claims because they exceed this Court's minimum jurisdiction. *See* TEX. GOV'T CODE § 24.007(b).

## VI.    FACTS

9.    Beginning in July of 2023, J&L and Defendants started negotiating a bid for the construction of the Denison Facility. On September 9, 2023, Defendants provided a bid estimate.

---

**J&L WIRE CLOTH LLC'S**
**ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE**

4908-3250-5093 v.1

to J&L. On September 21, 2023, Defendants sent a fixed price cost estimate to J&L. The total cost of the project was $5,796,480.13. J&L accepted the cost estimate by sending back a fixed price Purchase Order, which incorporated the fixed price cost estimate. On September 26, 2023, J&L paid Defendants $1,000,000.00 as a down payment for the purchase order and to begin construction of the building. On December 6, 2023, J&L paid Defendants an additional $1,500,000.00 to provide funds to expedite the project. These additional funds were not specifically ear marked but would enable subcontracted work to be completed prior to the building's completion.

10.    After J&L paid these amounts, work on the Denison Facility was slow and drawn out. After a couple of months and barely any progress on the job site, J&L contacted Defendants to figure out the status of everything. On July 14, 2024 in response to J&L's request, Defendants insisted that the slow down occurred from the addition of a two ton crane, which Defendants claimed increased the cost of the building and increased the cost of the concrete from $510,000.00 to $979,375.00. These increase in costs are unjustified because there were communications dating back to June of 2023 with Defendants and J&L about the crane being included in the project.

11.    On September 9, 2024, Defendants sent a new bid estimate for the work which increased the prices for excavation, the building, added on a separate line item 6.5% for A&E, and other costs to a total new cost for the project of $7,156,226.68. This came as a complete surprise to J&L because Defendants had assured J&L the Purchase Order on September 21, 2023, was a fixed price. J&L requested documentation to show how the costs had increased, but Defendants never produced any documents demonstrating how these costs had changed. Instead, Defendants claimed the project scope had drastically changed and that resulted in the change in

costs. The only change Defendants can point to is the addition of a crane in the Denison Facility. Contrary to that assertion, emails were exchanged between Defendants and J&L back in 2023 about including the crane. During that conversion back in 2023, Defendants were instructed to include the crane as a part of the project scope, bid, and it was a line item on the quote.

12.     Defendants have reassured J&L multiple times that all steel was already purchased so that the price would be locked for the building: first on July 17, 2024, then again on July 18, 2024, and again on November 21, 2024. Despite those assertions, on November 5, 2024, Defendants sent an invoice increasing the price of the building by $318,750.00, increasing the price of excavation by $175,000.00, increasing the price of concrete by $312,000.00, added an additional 6.5% for A&E, and added on other additional line items that did not appear in the original Purchase Order. For example, the invoice includes a separate fee for an architect and then a general overhead fee, but in the original Purchase Order the amount for the architect was already included in the general overhead fee for $383,000.00. This is just one example of Defendants attempt to improperly increase the price of the project.

13.     Defendants informed J&L that they had used up all of the initial $2,500,000.00 and requested further funds or they would stop work. At that point, J&L decided to conduct an inventory. At the same time J&L again requested documentation from Defendants to back up their claim. No such supporting documentation ever arrived.

14.     On November 19, 2024, J&L conducted an inventory of what had arrived on the job site at the Denison Facility. To J&L's dismay, roughly twenty percent of the steel for the building had arrived on site. The items inventoried on that date were 9 of the 90 major structural weldments that make up the columns and rafters, 72 of the 296 wall girts, 375 of the 625 purlins, 130 of the 272 sheets of siding, 0 of the 875 sheets of

roofing panel, 0 of the interior liner, 0 of the door jambs or headers, 0 of the window framing, and 0 of the hardware. Of the work completed, J&L estimated that only a little under one million dollars' worth of work was on the site and could not account for where the rest of funding went because Defendants still refused to provide supporting documents.

15. Despite refusing to deliver all of the material, Defendants demand to be paid in full for what was already paid for with the initial payments. All work has since ceased on the job site and Defendants have refused to deliver any additional materials or steel.

### VII.   CAUSES OF ACTION

#### A. __Breach of Contract__

16. J&L repeats and re-alleges each of the allegations contained in paragraphs 1 through 15 above, as if fully set forth herein.

17. The Purchase Order constitutes a valid and enforceable contract. J&L performed or tendered performance of its contractual obligations, and Defendants breached that contract. Defendants' breach caused J&L injuries in an amount that exceed this Court's minimum jurisdiction.

#### B. __Promissory Estoppel__

18. J&L repeats and re-alleges each of the allegations contained in paragraphs 1 through 17 above, as if fully set forth herein.

19. Defendants promised J&L that Defendants would construct the Denison Facility for the amount outlined in the Purchase Order dated September 21, 2023.

20. J&L relied on Defendants' promise by making a down payment of $2,500,000. Because of the nature of the promise, J&L's reliance was both reasonable and substantial.

Defendants asserted the September 21, 2023, Purchase Order was a fixed price that J&L could work with.

21.    Defendants knew or reasonably should have known that J&L would rely on Defendants' promise to build that facility for the Purchase Order price because the parties had fully negotiated the terms and Defendants reassured it was a fixed price.

22.    Injustice to J&L can be avoided only if Defendants' promise is enforced. The initial payment provided to Defendants was for the entire building and excavation work. As of November 2024, only twenty percent of the steel for the building is on site and numerous parts have not arrived.

23.    J&L's reliance on Defendants' promise resulted in injury to J&L, which caused the following damages: over $1,500,000 in unaccounted for funds used up by Defendants without any supporting documentation. As a result, J&L suffered damages in an amount that exceed this Court's minimum jurisdiction.

**C. Money had and Received**

24.    J&L repeats and re-alleges each of the allegations contained in paragraphs 1 through 23 above, as if fully set forth herein.

25.    Defendants holds money that, in equity and good conscience, belongs to J&L. Defendants received $2,500,000 as an initial down payment for the building, excavation, and funded for expedience in completing the project. Defendants have asserted that all money has been used up. J&L's inventory of the material at the job site shows only a little over a million dollars' worth of material has arrived.  The remaining $1,500,000 remains unaccounted for and has not arrived at the job site.

26.     J&L seeks liquidated damages in the amount of at least $1,500,000, which is within the jurisdictional limits of this Court.

**D. Fraud**

27.     J&L repeats and re-alleges each of the allegations contained in paragraphs 1 through 26 above, as if fully set forth herein.

28.     Defendants represented to J&L that all steel was purchased the year before to lock in the price for building the Denison Facility. Despite that representation Defendants now claim the price for the building has increased. Additionally, Defendants made false representation that the addition of the two ton crane increased the cost of the building by $318,750.00 and the cost of the concrete by $469,000.00.

29.     Defendants' representation to J&L was material because it was essential to J&L to have the building completed for the amount agreed on in the Purchase Order.

30.     Defendants' representation to J&L was a false statement of fact because when the inventory of all material on the job site at the Denison Facility was conducted only 20% of all steel was present.

31.     Defendants made the false representation knowing it was false because they assured J&L that all steel was purchased and ready to arrive at the job site on three separate occasions when they have still failed to deliver all of the steel allegedly purchased for the job.

32.     As a result, J&L suffered damages in an amount that exceed this Court's minimum jurisdiction.

### VIII.   CONDITIONS PRECEDENT

33.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## IX.    ATTORNEYS' FEES

34.    J&L repeatedly demanded Defendants comply with the Purchase Order and complete the construction of the Denison Facility. Defendants ignored J&L's requests, and J&L found it necessary to retain the undersigned law firm in order to minimize any further damages. Pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 *et seq.*

## X.    REQUESTS FOR DISCLOSURE

35.    Pursuant to Texas Rule of Civil Procedure 194, Defendants are requested to disclose to J&L the information or material described in Rule 194.2(b)(1)–(12).

## XI.    CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff J&L Wire Cloth, LLC respectfully requests that upon final hearing hereof, the Court:

    a.    award J&L Wire Cloth, LLC its actual damages;

    b.    award J&L Wire Cloth, LLC its reasonable and necessary attorneys' fees and costs;

    c.    award J&L Wire Cloth, LLC its expectation interest and lost profits;

    d.    award J&L Wire Cloth, LLC all costs of court, including expert witness fees and deposition costs;

    e.    award J&L Wire Cloth, LLC pre-judgment and post-judgment interest; and

    f.    award such other and further relief, both in law and equity, to which J&L Wire Cloth, LLC may be justly entitled.

[signature on following page]



Respectfully submitted,

**NELSON MULLINS RILEY SCARBOROUGH, LLP**

By:  _/s/ Craig D. Dillard_
      Craig D. Dillard
      Texas Bar No. 24040808
      craig.dillard@nelsonmullins.com
      Colin Minx
      Texas Bar No. 24131039
      colin.minx@nelsonmullins.com
      1111 Bagby Street, Suite 2100
      Houston, Texas 77002
      Telephone: (346) 646-6670
      Facsimile: (346) 241-3758

**Attorneys for Plaintiff J&L Wire Cloth LLC**

STATE OF TEXAS
COUNTY OF GRAYSON
I, Kelly Ashmore, District Clerk in and for Grayson County, Texas,
do hereby certify that the above and foregoing is a true and correct
copy of the original document as the same appears on the file in the
District Court, Grayson County, Texas. Witness my hand and seal of
the Court, this the _____ day of _____ A.D., 20___
KELLY ASHMORE, DISTRICT CLERK
GRAYSON COUNTY TEXAS
_____ Deputy

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Anel Valdez on behalf of Craig Dillard
Bar No. 24040808
anel.valdez@nelsonmullins.com
Envelope ID: 95520758
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition and Requests for Disclosure
Status as of 12/19/2024 3:43 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Craig Dillard | | craig.dillard@nelsonmullins.com | 12/19/2024 3:35:49 PM | SENT |
| Colin Minx | | colin.minx@nelsonmullins.com | 12/19/2024 3:35:49 PM | SENT |
| Docketing HOU | | Docketing.HOU@nelsonmullins.com | 12/19/2024 3:35:49 PM | SENT |
| Anel Valdez | | anel.valdez@nelsonmullins.com | 12/19/2024 3:35:49 PM | SENT |



**KELLY ASHMORE**
**Grayson County District Clerk**
**Justice Center**
**200 S. Crockett**
**Sherman, TX 7090**

**PARTY(S) ATTORNEY**
**Craig D. Dillard**
**1111 Bagby Street Suite 2100**
**Houston TX 77002**

# CITATION

## The State of Texas

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**Waldroop Steel Company**
**Registered Agent – Bryaden Waldroop**
**909 E. Sycamore Ave.**
**Altus OK 73521**

Greetings:

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE** at or before ten o'clock a.m. on the Monday after the expiration of twenty days after the date of service of this citation before the Honorable **15th District Court** of Grayson County, Texas at the Justice Center of said County in Sherman, Texas. Said Plaintiff's Petition was filed in said court on the 19th day of December, 2024 this case, numbered **CV-24-1604** on the docket of said court, and styled:

J&L Wire Cloth, LLC v. Waldroop Steel Company & Waldroop Construction

The nature of the Plaintiff's demand is fully shown by a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE. accompanying this citation and make a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under hand and seal of said court at Sherman, Texas, 19th day of December, 2024.

**Kelly Ashmore**
District Clerk
Grayson County, Texas

*Jamie Morris*
Deputy

CV-24-1604

## SHERIFF'S RETURN

Came to hand on _____ day of _____, _____, at
_____ O'clock _____. And executed in _____
County, Texas by delivering to each of the within-named defendant(s), in Person, a true copy of this citation, having first endorsed thereon the date of delivery, Together with the accompanying true and correct copy of the Plaintiff's Petition, at The following times and places, to-wit:

| NAME | Date Yr-Day-Yr | Time | Place, Course, Dist from Court House |
|------|----------------|------|--------------------------------------|
|      |                |      |                                      |

Type of Service: Personal    Posting    Publication    Other
Type of Paper: _____

And not executed as to the defendant, _____ the
Diligence used in finding said defendant being _____ and
The cause of failure to execute this process is _____ and
The information received as to the whereabouts of the said defendant _____

Fees – Serving _____
_____, County, Texas


_____
Sheriff/Constable/Police Chief


_____
Deputy

## UNSERVED RETURN

Came to hand on _____, _____ at _____ am/pm and was returned un-served to the issuing court after the following service attempts:

Date/Time            Location         Notes
_____
_____
_____

Fees – Serving _____
_____, County, Texas


_____
Sheriff/Constable/Police Chief


_____
Deputy

### VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

State of Texas
County of _____

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public,
by_____, this_____ day of_____, 20_____.

_____

STATE OF TEXAS
COUNTY OF GRAYSON
I, Kelly Ashmore, District Clerk in and for Grayson County, Texas,
do hereby certify that the above and foregoing is a true and correct
copy of the original document as the same appears on the file in the
District Court, Grayson County, Texas. Witness my hand and seal of
the Court, this the ____ day of Fеbruary A.D., 20 25
KELLY ASHMORE, DISTRICT CLERK
GRAYSON COUNTY TEXAS
Deputy

KELLY ASHMORE
**Grayson County District Clerk**
**Justice Center**
**200 S. Crockett**
**Sherman, TX 7090**

PARTY(S) ATTORNEY
**Craig D. Dillard**
**1111 Bagby Street Suite 2100**
**Houston TX 77002**

# CITATION

## The State of Texas

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**Waldroop Construction**
**Registered Agent – Bryan Waldroop**
**1800 N. Main #5**
**Altus OK 73521**

Greetings:

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE** at or before ten o'clock a.m. on the Monday after the expiration of twenty days after the date of service of this citation before the Honorable **15th District Court** of Grayson County, Texas at the Justice Center of said County in Sherman, Texas. Said Plaintiff's Petition was filed in said court on the 19th day of December, 2024 this case, numbered **CV-24-1604** on the docket of said court, and styled:

J&L Wire Cloth, LLC v. Waldroop Steel Company & Waldroop Construction

The nature of the Plaintiff's demand is fully shown by a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE. accompanying this citation and make a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under hand and seal of said court at Sherman, Texas, 19th day of December, 2024.

**Kelly Ashmore**
District Clerk
Grayson County, Texas

*Jamie Morris*
Deputy

CV-24-1604

**SHERIFF'S RETURN**

Came to hand on _____ day of _____, _____ , at
_____ O'clock ____. And executed in _____
County, Texas by delivering to each of the within-named defendant(s), in Person, a true copy of this
citation, having first endorsed thereon the date of delivery, Together with the accompanying true and
correct copy of the Plaintiff's Petition, at The following times and places, to-wit:

| NAME | Date Yr-Day-Yr | Time | Place, Course, Dist from Court House |
|------|----------------|------|--------------------------------------|
|      |                |      |                                      |

Type of Service: Personal   Posting   Publication   Other
Type of Paper: _____

And not executed as to the defendant, _____ the
Diligence used in finding said defendant being _____ and
The cause of failure to execute this process is _____ and
The information received as to the whereabouts of the said defendant _____
_____

Fees – Serving _____
_____, County, Texas

_____
Sheriff/Constable/Police Chief

_____
Deputy

**UNSERVED RETURN**

Came to hand on _____ , _____ at _____ am/pm and was returned un-served to the
issuing court after the following service attempts:

Date/Time          Location          Notes
_____
_____
_____

Fees – Serving _____
_____, County, Texas

_____
Sheriff/Constable/Police Chief

_____
Deputy

**VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)**

State of Texas
County of _____

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public,
by_____ , this_____ day of_____ , 20_____ .

_____

STATE OF TEXAS
COUNTY OF GRAYSON
I, Kelly Ashmore, District Clerk in and for Grayson County, Texas,
do hereby certify that the above and foregoing is a true and correct
copy of the original document as the same appears on the file in the
District Court, Grayson County, Texas. Witness my hand and seal of
the Court, this the 28th day of Febrary A.D., 20 25
KELLY ASHMORE, DISTRICT CLERK
GRAYSON COUNTY TEXAS
Deputy

**KELLY ASHMORE**                          **PARTY(S) ATTORNEY**
**Grayson County District Clerk**          **Craig D. Dillard**
**Justice Center**                         **1111 Bagby Street Suite 2100**
**200 S. Crockett**                        **Houston TX  77002**
**Sherman, TX  7090**

# CITATION

## The State of Texas

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**Waldroop Steel Company**
**Registered Agent – Bryaden Waldroop**
**909 E. Sycamore Ave.**
**Altus OK  73521**

Greetings:

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE** at or before ten o'clock a.m. on the Monday after the expiration of twenty days after the date of service of this citation before the Honorable **15th District Court** of Grayson County, Texas at the Justice Center of said County in Sherman, Texas.  Said Plaintiff's Petition was filed in said court on the 19th day of December, 2024 this case, numbered **CV-24-1604** on the docket of said court, and styled:

J&L Wire Cloth, LLC v. Waldroop Steel Company & Waldroop Construction

The nature of the Plaintiff's demand is fully shown by a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE. accompanying this citation and make a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under hand and seal of said court at Sherman, Texas, 19th day of December, 2024.

**Kelly Ashmore**
District Clerk
Grayson County, Texas

*Jamie Morris*
Deputy

CV-24-1604

## SHERIFF'S RETURN

Came to hand on _____ day of_____, _____, at
_____O'clock_____. And executed in _____
County, Texas by delivering to each of the within-named defendant(s), in Person, a true copy of this citation, having first endorsed thereon the date of delivery, Together with the accompanying true and correct copy of the Plaintiff's Petition, at The following times and places, to-wit:

| NAME | Date Yr-Day-Yr | Time | Place, Course, Dist from Court House |
|------|----------------|------|--------------------------------------|
|      |                |      |                                      |
|      |                |      |                                      |

Type of Service: Personal   Posting   Publication   Other
Type of Paper: _____

And not executed as to the defendant, _____the
Diligence used in finding said defendant being _____and
The cause of failure to execute this process is _____and
The information received as to the whereabouts of the said defendant _____
_____

Fees – Serving _____
_____, County, Texas

_____
Sheriff/Constable/Police Chief

_____
Deputy

## UNSERVED RETURN

Came to hand on _____, _____at_____am/pm and was returned un-served to the issuing court after the following service attempts:

Date/Time              Location         Notes

_____
_____
_____

Fees – Serving _____
_____, County, Texas

_____
Sheriff/Constable/Police Chief

_____
Deputy

## VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

State of Texas
County of _____

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public,
by_____, this_____ day of_____, 20_____.

_____

**KELLY ASHMORE**
**Grayson County District Clerk**
**Justice Center**
**200 S. Crockett**
**Sherman, TX  7090**

**PARTY(S) ATTORNEY**
**Craig D. Dillard**
**1111 Bagby Street Suite 2100**
**Houston TX  77002**

# CITATION

### The State of Texas

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**Waldroop Construction**
**Registered Agent – Bryan Waldroop**
**1800 N. Main #5**
**Altus OK  73521**

Greetings:

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE** at or before ten o'clock a.m. on the Monday after the expiration of twenty days after the date of service of this citation before the Honorable **15th District Court** of Grayson County, Texas at the Justice Center of said County in Sherman, Texas.  Said Plaintiff's Petition was filed in said court on the 19th day of December, 2024 this case, numbered **CV-24-1604** on the docket of said court, and styled:

J&L Wire Cloth, LLC v. Waldroop Steel Company & Waldroop Construction

The nature of the Plaintiff's demand is fully shown by a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE**.** accompanying this citation and make a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under hand and seal of said court at Sherman, Texas, 19th day of December, 2024.

## Kelly Ashmore
District Clerk
Grayson County, Texas

*Jamie Morris*
Deputy

CV-24-1604

**SHERIFF'S RETURN**

Came to hand on _____ day of _____, _____, at
_____ O'clock _____. And executed in _____
County, Texas by delivering to each of the within-named defendant(s), in Person, a true copy of this
citation, having first endorsed thereon the date of delivery, Together with the accompanying true and
correct copy of the Plaintiff's Petition, at The following times and places, to-wit:

| NAME | Date Yr-Day-Yr | Time | Place, Course, Dist from Court House |
|------|----------------|------|--------------------------------------|
|      |                |      |                                      |

Type of Service: Personal   Posting   Publication   Other
Type of Paper: _____

And not executed as to the defendant, _____ the
Diligence used in finding said defendant being _____ and
The cause of failure to execute this process is _____ and
The information received as to the whereabouts of the said defendant _____
_____
Fees – Serving _____
 _____, County, Texas

_____
Sheriff/Constable/Police Chief

_____
Deputy

**UNSERVED RETURN**

Came to hand on _____, _____ at _____ am/pm and was returned un-served to the
issuing court after the following service attempts:

Date/Time               Location          Notes
_____
_____
_____
Fees – Serving _____
 _____, County, Texas

_____
Sheriff/Constable/Police Chief

_____
Deputy
**VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)**

State of Texas
County of _____

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public,
by_____, this_____ day of_____, 20_____.


_____



February 7, 2025

**Via Email: colin.minx@nelsonmullins.com & Craig.dillard@nelsonmullins.com**
Craig Dillard
Colin Minx
Nelson Mullins

      **Re:**   *J&L Wire Cloth, LLC v. Waldroop Steel Company & Waldroop Construction;*
             *Cause No. CV-24-1604*

Mr. Dillard and Mr. Minx:

Please find this Rule 11 agreement as an agreement on the cause enumerated above as to Defendants Waldroop Steel Company and Waldroop Construction. Per our telephone conversation earlier today, the parties agree that counsel for Defendants shall accept service for both defendants on their behalf as of today, February 7, 2025.  Therefore, Defendants' answers shall be due Monday, March 3, 2025.

If this accurately represents the parties' intentions and terms regarding service and Defendants' answer date in the above cause, please sign below where indicated and return to me via email at hclark@billkennedylaw.com and monica@billkennedylaw.com . Thank you for your professional courtesies in this matter.


                           Sincerely,

                           *Hillary Clark*

                           Hillary L. Clark
                           Attorney at Law


Agreed:

*Colin Minx*
Craig Dillard
Colin Minx

# CASE SUMMARY
## CASE NO. CV-24-1604

| | | | |
|---|---|---|---|
| **J&L Wire Cloth, LLC v. Waldroop Steel Company & Waldroop Construction** | § § § § | Location: Judicial Officer: Filed on: | **15th District Court** **Fallon, Jim** **12/19/2024** |

---

### CASE INFORMATION

Case Type:  **Contract: Other**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

Case Number              CV-24-1604
Court                         15th District Court
Date Assigned            12/19/2024
Judicial Officer          Fallon, Jim

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **J&L Wire Cloth, LLC** | **Dillard, Craig D.** *Retained* 346-646-6670(W) |
| **Defendant** | **Waldroop Construction** | |
| | **Waldroop Steel Company** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 12/19/2024 | 📄 Original Petition (OCA) *Plaintiff's Original Petition and Requests for Disclosure* | |
| 12/19/2024 | 📄 Issuance of Citation Party:  Defendant  Waldroop Steel Company;  Defendant  Waldroop Construction *COPIES - sent to attorney for service* | |
| 12/19/2024 | **Citation** 📄 Waldroop Steel Company Served: 01/29/2025 Response Due: 02/24/2025 Waldroop Construction Unserved | |

---

| DATE | FINANCIAL INFORMATION |
|---|---|

**Plaintiff** J&L Wire Cloth, LLC
Total Charges                                                                                   366.00
Total Payments and Credits                                                               366.00
**Balance Due as of 02/28/2025**                                                         0.00

STATE OF TEXAS
COUNTY OF GRAYSON
I, Kelly Ashmore, District Clerk in and for Grayson County, Texas,
do hereby certify that the above and foregoing is a true and correct
copy of the original document as the same appears on the file in the
District Court, Grayson County, Texas.  Witness my hand and seal of
the Court, this the 28th day of February A.D., 20 25
KELLY ASHMORE, DISTRICT CLERK
GRAYSON COUNTY TEXAS
Deputy

JS 44  (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

J&L WIRE CLOTH, LLC

**(b)** County of Residence of First Listed Plaintiff   Ramsey Co, Minnesota
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Craig Dillard, Nelson Mullins Riley Scarborough, LLP, 1111 Bagby Street, Ste 210, Houston, TX 77002

## DEFENDANTS

WALDROOP  STEEL COMPANY AND WALDROOP CONSTRUCTION

County of Residence of First Listed Defendant   Logan Co, Oklahoma
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Bill Kennedy Law, PLLC, 121 S. Austin Avenue, Denison, Texas 75020

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441 and 1446

Brief description of cause:
Breach of construction contract case (commercial)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## LIST OF ALL PARTIES TO STATE COURT ACTION AND PARTY TYPE

J & L Wire Cloth, LLC – Plaintiff

Waldroop Steel Company – Defendant
Waldroop Construction - Defendant

<u>List of Attorneys Involved in this Action</u>

Craig D. Dillard
Colin Minx
Nelson Mullins Riley Scarborough, LLP
1111 Bagby Street, Suite 210
Houston, Texas 77002
Tel: 346-646-6670
Fax: 346-241-3758
Plaintiff's counsel

William P. Kennedy
B. Ryan Weger
Hillary L. Clark
121 S. Austin Avenue
Denison, Texas 75020
Tel: 903.337.1986
Fax: 972.939.6878
Defendants counsel

**Exhibit B—Affidavit of Bryan Waldroop**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**(SHERMAN DIVISION)**

| | |
|---|---|
| **J&L Wire Cloth, LLC,** | |
| *Plaintiff,* | ___ Civ. _____(_____)(_____ |
| v. | **AFFIDAVIT OF BRYAN WALDROOP** |
| **Waldroop Steel Company & Waldroop Construction,** | |
| *Defendants.* | |

<u>**AFFIDAVIT OF BRYAN WALDROOP**</u>

| | |
|---|---|
| State of Texas | § |
| | § |
| County of Grayson | § |

BEFORE ME, the undersigned notary, on this day personally appeared Bryan Waldroop, the affiant, whose identity is known to me, and, being duly sworn, affiant testified as follows:

"My name is Bryan Waldroop.  I am over 18 years of age, of sound mind, and capable of making this affidavit.  I have never been convicted of a felony or any crime of moral turpitude. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am the sole owner and member of Waldroop Construction, LLC.  Waldroop Construction, LLC is an Oklahoma limited liability company and its principal place of business is at 6001 Wynstone Drive, Edmond, Oklahoma County, Oklahoma 73034.  Waldroop Construction, LLC does not maintain and has never maintained an office in Texas. Waldroop Construction, LLC intends to remain incorporated in Oklahoma and to maintain its principal place of business at 6001 Wynstone Drive, Edmond, Oklahoma County, Oklahoma 73034 for the foreseeable future.

I reside in Jackson County, Oklahoma, and I intend to continue living in and residing in Jackson County, Oklahoma for the foreseeable future.  My principal place of domicile and residence is the State of Oklahoma.  I do not reside in or own any residential or other property in the state of Texas.

Brayden Waldroop is the sole owner and member of Waldroop Steel Company, LLC. Waldroop Steel Company, LLC is an Oklahoma limited liability company and its principal place of business is at 11735 Hana Circle, Edmond, Logan County, Oklahoma.  Waldroop Steel Company, LLC does not maintain and has never maintained an office in Texas.

Brayden Waldroop has continuously resided in Canadian or Oklahoma County, Oklahoma since the year 2000.  Brayden's principal place of domicile and residence is in the State of Oklahoma.

Further Affiant sayeth not."

[Signature Page Follows]



Bryan Waldroop
Owner
Waldroop Construction, LLC


    SUBSCRIBED AND SWORN TO BEFORE ME, by the said Claimant this the 24th day of February 2025, to certify which witness my hand and seal of office.


Notary Public, State of Texas

Alexis Jade Ruiz
My Commission Expires
8/28/2028
Notary ID 135063703